MARTIN, APPELLANT, *v.* AMERICAN SURETY CO. ET AL.,
RESPONDENTS.

(No. 5,700.)

(Submitted June 17, 1925.   Decided June 29, 1925.)

[238 Pac. 877.]

*Work   and   Labor — Quantum   Meruit — Contracts — Subcon-
tractors—Sureties.*

Contracts—Subcontractors—Work and Labor—*Quantum Meruit*—Sureties
—Complaint—Sufficiency.
1.   Complaint in an action by a subcontractor against a contractor
to recover the reasonable value of work done under his contract,
alleging that he entered into a contract with defendant to perform
certain work at a fixed price; that he executed a part of the work
in accordance with its terms, of the reasonable value of the amount
sued for, and that defendant on demand refused payment, stated a
cause of action.

Same—For Benefit of Third Person—Statute.
2.   To entitle a person not a party to a contract between two others
to recover thereunder, the contract must, under section 7472, Revised
Codes of 1921, have been made expressly for his benefit, the fact that
it may incidentally benefit him being insufficient to bring him within
the terms of the section.

Same—Sureties—Subcontractor—Action  on  Bond  of  Contractor — When
Plaintiff not Entitled to Recover.
3.   Where a contractor undertook to enlarge the water system of an
irrigation district and furnished it a surety bond under which he and
the surety were bound to the district alone to pay the amounts con-
tracted for materials furnished and labor performed, and later sublet
a portion of the work to a third party, the latter had no cause of
action against the surety under the bond running to the district for
money due him from the contractor, in the absence of privity of con-
tract between him and the surety.

Contracts, 13 **C. J.**, sec. 817, p. 709, n. 29.
Principal and Surety, 32 **Cyc.**, p. 123, n. 36.
Work and Labor, 40 **Cyc.**, p. 2839, n. 7.

*Appeal  from  District  Court,  Yellowstone  County;  O.  F.
Goddard,  Judge.*

ACTION by B. J. Martin against the American Surety Com-
pany of New York and Otto Schlueter and Henry Schlueter,

2.   See 6 **R. C. L.** 886.
3.   See 6 **R. C. L.** 888.

copartners doing business under the firm name and style of Schlueter Bros. Judgment for defendants on demurrer, and plaintiffs appeal. Reversed and remanded, with directions to overrule demurrer as to defendants last named. Affirmed as to defendant first named.

*Messrs. Shea & Wiggenhorn,* for Appellant, submitted a brief; *Mr. R. G. Wiggenhorn* argued the cause orally.

This court has never had occasion to pass upon the question involved in this appeal. So far as we have been able to find, New York is the only jurisdiction where the general proposition contended for by us has been denied. To make that proposition clear, briefly stated, it is this: Where it appears to have been the intention under a contractor's bond on a construction contract on public work, where no liens are available to laborers or materialmen on the public structure, that the bond was given to insure the payment of laborers or materialmen for their labor and material, the surety is liable to unpaid laborers and materialmen, even though they be not named in the bond and the public corporation alone is named as obligee. The following cases support this proposition: *Harris Oil Co.* v. *Standard Const. & Dev. Co.,* 178 Cal. 810, 173 Pac. 83; *Evans & Howard Fire Br. Co.* v. *National Surety Co.,* 42 S. D. 109, 173 N. W. 448; *Ludlow Valve Mfg. Co.* v. *Fidelity & Cas. Co.,* 114 Kan. 151, 217 Pac. 282; *Royal Indem. Co.* v. *Northern Ohio G. & S. Co.,* 100 Ohio, 373, 12 A. L. R. 378, 126 N. E. 405; *Amer. Surety Co.* v. *Lauber,* 22 Ind. 326, 53 N. E. 793; *Builders L. & S. Co.* v. *Chicago Bonding Co.,* 167 Wis. 167, 166 N. W. 320; *Haakinson Co.* v. *McPherson,* 182 Iowa, 476, 166 N. W. 60; *Kaufmann* v. *Cooper,* 46 Neb. 644, 65 N. W. 796; *Lyman* v. *City of Lincoln* 38 Neb. 794, 57 N. W. 532; *Federal Union Surety Co.* v. *Commonwealth,* 139 Ky. 92, 129 S. W. 335; *United States Fid. & G.* v. *Marathon Lbr. Co.,* 119 Miss. 802, 81 South. 492; *Buffalo Forge Co.* v. *Cullen & Scott*

*Mfg. Co.,* 105 Mo. App. 484, 79 S. W. 1024; *National Surety Co.* v. *Hall-Miller Dec. Co.,* 104 Miss. 626, 61 South. 700; *Fidelity & Dep. Co.* v. *Chas. Hegewalt Co.,* 144 Ky. 790, 139 S. W. 975; *Board of Education* v. *Aetna Indem. Co.,* 159 Ill. App. 319; *Du Pont De Nemours P. Co.* v. *Culgen-Pace Contr. Co.,* 206 Mass. 585, 92 N. E. 1023; *Gastonia* v. *McEntee-Peterson Eng. Co.,* 131 N. C. 359, 42 S. E. 857, 858; *Fennell* v. *Trinity P. Cem. Co.* (Tex. Civ. App.), 209 S. W. 796; *City of Philadelphia* v. *Jackson & Co.,* 280 Pa. 319, 124 Atl. 446; *Dolese Bros. Co.* v. *Chaney & Rickard,* 44 Okl. 745, 145 Pac. 1119.

*Mr. Sterling M. Wood* and *Mr. Robert E. Cooke,* for Respondent American Surety Company, submitted a brief; *Mr. Wood* argued the cause orally.

No cause of action is stated against the respondent surety company, as the complaint fails to show the existence of any agreement expressly made for the benefit of appellant, in that there is: (a) No promise to pay in the construction contract; (b) no intent to pay under the surety bond; (c) no promise to pay in the surety bond, and (d) no privity between the promisee, Cove Irrigation District, and the appellant, as the third party. (See *McKeever* v. *Oregon Mtg. Co.,* 60 Mont. 270, 198 Pac. 752; *Babcock & Willcox* v. *American Surety Co.,* 236 Fed. 340, 149 C. C. A. 472; *Puget Sound Brick, Tile & Terra Cotta Co.* v. *School District,* 12 Wash. 118, 40 Pac. 608; *Parker* v. *Jeffrey,* 26 Or. 186, 37 Pac. 712; *Montgomery* v. *Spencer,* 15 Utah, 495, 50 Pac. 623; *Green Bay Lbr. Co.* v. *Independent School District,* 121 Iowa, 663, 97 N. W. 72; *City of Sterling* v. *Wolf,* 163 Ill. 467, 45 N. E. 218; *Gato* v. *Warrington,* 37 Fla. 542, 19 South. 883; *United States* v. *Stewart,* 288 Fed. 187; *Fosmire* v. *National Surety Co.,* 229 N. Y. 44, 127 N. E. 472; *Lancaster* v. *Frescoln,* 203 Pa. 640, 53 Atl. 508; *Buffalo Cement Co.* v. *McNaughton,* 90 Hun, 74, 35 N. Y. Supp. 453; affirmed

in 156 N. Y. 702, 51 N. E. 1089; *Merrill* v. *Green*, 55 N. Y. 270; *Sturtevant Co.* v. *Fidelity & Dep. Co. of Maryland*, 285 Fed. 367.)

Appellant has no right of action under condition of surety bond providing for payment of material and labor accounts, as condition in this respect is without consideration. (*State Board of Agriculture* v. *Dimick*, 46 Colo. 609, 105 Pac. 1114; *Hardaway & Prowell* v. *National Surety Co.*, 150 Fed. 465, 482, 80 C. C. A. 283; *Roberts* v. *Board of Commrs.*, 8 Wyo. 177, 56 Pac. 915, 924; *Eising* v. *Andrews*, 66 Conn. 58, 50 Am. St. Rep. 75, 33 Atl. 585, 21 R. C. L. 974.)

MR. JUSTICE GALEN delivered the opinion of the court.

In this action the plaintiff, by his amended complaint, seeks to recover from the defendants $7,396.51 on a *quantum meruit* for labor and materials furnished the defendant Schlueter Bros. between November 1 and December 5, 1922, in the improvement, enlargement and extension of an irrigation system located in Stillwater and Yellowstone counties, comprising what is known as the "Cove Irrigation District," established under the law as a public corporation. Two separate causes of action are attempted to be stated. A general demurrer to the complaint was by the court sustained as to both parties defendant. Plaintiff having refused to plead further, judgment was entered against him, and the appeal is from the judgment.

The sole question presented for consideration is whether the complaint states a cause of action against the defendants, or either of them. From the allegations of plaintiff's complaint, it appears that the defendant Schlueter Bros., on or about September 28, 1922, entered into a contract in writing with the Cove Irrigation District, a corporation, to do the necessary work and furnish the materials required in connection with certain improvements to be made in the

irrigation system of the corporation, according to certain plans and specifications, in consideration of the payment of an amount agreed upon. At the time of the execution of the contract, the contractor was required to furnish a surety bond "conditioned upon the faithful performance of the contract," which it did. A bond was provided by the defendant American Surety Company, as surety for the performance of the contract, in the principal sum of $100,000. The defendant Schlueter Bros. thereafter entered upon the execution of the work and sublet a portion thereof to the plaintiff. Schlueter Bros. having defaulted in payment to the plaintiff of the amount claimed by him to be due, he brought this action.

As to the cause of action attempted to be pleaded against [1] the defendant Schlueter Bros., the allegations of the complaint are wholly sufficient. A recital of them would serve no useful purpose here. Suffice it to say it is alleged that the plaintiff entered into a contract to perform a portion of the work at a fixed price; that he did execute a part of the work and furnish materials in accordance with his contract, of the reasonable value of the amount sought to be recovered; and that the defendant Schlueter Bros. has wholly failed, refused and neglected to pay him therefor, notwithstanding frequent demands therefor.

Upon the application of most elementary principles, it is plain that a cause of action is thereby stated against the defendant Schlueter Bros., and no citation of authority is required in demonstration thereof.

By the allegations of plaintiff's complaint, the liability of [2] the defendant surety company is predicated upon the following condition of the bond: "The condition of this obligation is such that if the principal shall indemnify the obligee against any loss or damage directly arising by reason of the failure of the principal to faithfully perform said contract, and to complete the same within the time limited

in said contract, * * * and shall pay the amounts contracted for materials furnished and labor performed under and by virtue of said contract, then this obligation shall be null and void; otherwise to remain in full force and effect.''

The statute provides: ''A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.'' (Sec. 7472, Rev. Codes 1921.)

It is plain that the plaintiff does not bring himself within [3] the terms of the statute. The bond was executed by Schlueter Bros., a copartnership, as principal, and the American Surety Company of New York, as surety, wherein it is recited that the principal and surety ''are held and firmly bound unto the Cove Irrigation District, a corporation,'' and there is no mention whatsoever made of the plaintiff, nor of other third persons, nor anything to indicate that it was intended *expressly*, or otherwise, for the protection of third parties. There is no privity of contractual relation apparent which would give the plaintiff a cause of action against the surety company on the bond. The language relied upon by the plaintiff as the basis of his right to recover against the surety company is the requirement that the contractor ''shall pay the amounts contracted for materials furnished and labor performed,'' but clearly this is an obligation in favor of the irrigation district alone, and one which, by the greatest stretch of the language employed, cannot be interpreted to include third parties who furnish the necessary labor or materials to the contractor. That the plaintiff has failed to show such a privity of contract as to entitle him to recover against the surety is plain under the statute and former holdings of this court.

In the absence of a statute expressly requiring that such a bond shall inure to the benefit of third persons for labor or materials furnished the contractor, or specific provisions

in the bond indicating such intention, the plaintiff is without right of recovery upon the bond. This case must be distinguished from that of *Lanstrum* v. *Zumwalt & Duckers,* 73 Mont. 502, 237 Pac. 205, wherein, by the terms of the bond exacted for faithful performance of the contract, the surety bound itself to pay all claims for labor, materials and equipment in the event the contractors failed so to do.

We need not look beyond our own decisions for controlling authority. In the recent case of *McKeever* v. *Oregon Mtg. Co.,* 60 Mont. 270, 198 Pac. 752, Mr. Justice Holloway, speaking for the court, in construing the statute, said: "The language employed is significant. The contract must be made expressly for the benefit of the third party, and the word 'expressly' means 'in direct terms.' (Webster's International Dictionary.) This is the meaning given to it by the California court long before our Code was adopted. (*Chung Kee* v. *Davidson,* 73 Cal. 522, 15 Pac. 100.)

"It is held by practically all of the authorities that it is not sufficient that the contract may incidentally benefit the third party. (*Tatem* v. *Eglanol Min. Co.,* 45 Mont. 367, 123 Pac. 28.) The party for whose benefit the contract is made must be named or otherwise sufficiently described or designated (*Bacon* v. *Davies,* 9 Cal. App. 83, 98 Pac. 71; 13 C. J. 711). However, if the contract was made expressly for the benefit of a class of persons to which class the party seeking enforcement belongs, he may obtain the benefit of it. (*Burton* v. *Larkin,* 36 Kan. 246, 59 Am. Rep. 541, 13 Pac. 398.)"

Other decisions of this court and of others might be referred to, but further reference to prior holdings is not required. The court was in error in sustaining the demurrer as to the defendant Schlueter Bros.; otherwise, however, as to the surety company.

The cause is remanded to the district court of Yellowstone county, with directions to overrule the demurrer as to the defendant Schlueter Bros.

*Remanded.*

ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, and not having heard the argument, takes no part in the foregoing decision.

Rehearing denied July 14, 1925.