## COVE IRR. DIST. v. AMERICAN SURETY CO. OF NEW YORK.

Circuit Court of Appeals, Ninth Circuit.
November 18, 1929.

No. 5861.

Brown, Wiggenhorn & Davis, of Billings, Mont., for appellant.

Sterling M. Wood and Robert E. Cooke, both of Billings, Mont., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. On September 28, 1922, the appellant, Cove Irrigation District, a Montana public corporation, entered into a contract with Schlueter Bros., called the contractor, by the terms of which the contractor was to do the work and furnish the materials necessary for certain improvements in the appellant's irrigation system. The contract provided that, "in consideration of the contractor doing such work and furnishing such materials and paying for the labor performed and the materials furnished and used therefor," bonds of the district would be delivered to the contractor from time to time in payment for the work as it progressed. Pursuant to a requirement that the contractor furnish a surety bond in the sum of $100,000, "conditioned upon the faithful performance of the contract," such bond was furnished on October 7, 1922, with the contractor as principal and the appellee herein as surety. In the bond reference was made to the contract and a copy thereof was attached. The condition of the bond was that if the principal should indemnify the obligee against any loss or damage for its failure faithfully to perform the contract and to complete the work within the time specified, and should "pay the accounts contracted for materials furnished and labor performed under and by virtue of said contract," then the obligation should be null and void. The contractor not only defaulted in completion of the work, but failed to pay some of its obligations for labor and material employed and used in that part of the work which it did complete. Subsequently under a new contract entered into directly between the appellant and appellee the latter finished the work. In the meantime two cases were brought in the state district court against the contractor and the surety upon the bond, to recover for the labor and material furnished to the former. In one of these actions Martin, and in the other Frantz, was the plaintiff, and, either in their own right or as assignees, they sought to recover upon all such outstanding claims. In each action the district court sustained a demurrer to the complaint and upon plaintiff's declination to plead further final judgment was entered. No further proceedings were taken in the Frantz Case, but in the Martin Case the plaintiff appealed to the Supreme Court of the state, and there it was held that the complaint stated a cause of action against the contractor but not against the surety, appellee here. Martin v. American Surety Co., 74 Mont. 43, 238 P. 877.

Apparently construing the decision of the Supreme Court in the Martin Case as holding only that laborers and materialmen were not proper parties plaintiff, or, in other words, that they could not maintain an action in their own names upon the bond, the irrigation district brought this action to accomplish precisely what was attempted to be accomplished in the Martin and the Frantz Cases; that is to say, inasmuch as it is under no pecuniary obligation to such claimants and the claims were not lienable, the district has no interest of its own and prosecutes the action solely upon behalf of the claimants, the amounts of whose several claims it expressly pleads and prays to recover.

Whether appellant's view of the character and scope of that decision is correct is a question of controlling importance, for if the Montana court decided only a question of procedure, manifestly the decision does not constitute res adjudicata, and we would be at liberty independently to consider the meaning and effect of the original contract and bond, and under the circumstances related we would not be bound to follow the state court even in respect of its construction of the state

statutes. Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 S. Ct. 140, 54 L. Ed. 228. But upon a careful consideration of the opinion in the Martin Case we are unable to accept appellant's interpretation. As will be observed, the court apparently attached considerable importance to a statute of the state by which it is declared, "a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Section 7472, Rev. Codes 1921. While the full purpose of the provision is not entirely free from doubt, it is to be noted that it is embraced, not in the Code of Procedure, but in the Civil Code, and the inference is therefore reasonable that it was intended not merely to prescribe a rule of procedure or of parties to actions, but to define substantive rights. Nowhere in the opinion does the court clearly intimate that it holds only that the claimants could not prosecute in their own names and that an action in their behalf might be maintained by the obligee named in the bond. Upon the other hand, the language employed strongly implies the view that the contract and bond were not intended to afford any protection at all for them. After referring to the statute above quoted, the court says, it is recited in the bond "that the principal and surety 'are held and firmly bound unto the Cove Irrigation District, a corporation' and there is no mention whatsoever made of the plaintiff (materialman or laborer) nor of other third persons, nor anything to indicate that it was intended *expressly*, or otherwise, for the protection of third parties." If this be true and the bond be construed as not having been intended for the protection of claimants, it would logically follow that they could not recover thereon whether the action be brought in their name or in the name of the Irrigation District. Again, the court said: "The sole question presented for consideration is whether the complaint states a cause of action against the defendants or either of them." Such language would be inapt if the court was considering only the question whether the claimants were the proper parties plaintiff, for if that had been the issue the sole question would have been whether or not the complaint stated a cause of action in favor of the plaintiff. We have examined the opinions in Lanstrum v. Zumwalt, 73 Mont. 502, 237 P. 205, and Gary Hay & Grain Co. v. Carlson, 79 Mont. 111, 255 P. 722, but do not find in either of them anything tending to fortify appellant's position.

Upon the whole we are convinced that the only reasonable construction to be put upon the Martin decision is that the court holds the bond was not intended to afford any protection to laborers and materialmen. Of course, we are considering here only the legal effect that must be accorded to that decision, and do not intimate any independent views on the original question. If, as we conclude, it holds that the bond affords no protection to laborers and materialmen, we think there can be no doubt that the judgments in that case and in the Frantz Case constitute judicial estoppels, for in that view they were upon the merits, and under the circumstances, as we have explained, there is clearly the requisite privity between the plaintiffs there and the plaintiff here. In effect the claimants there are now waging the same claims, in the name of the irrigation district. As to appellant's suggestion that there is no proof of the former judgments, it is to be said that in its answer the appellee expressly pleads them and exhibits with the answer copies of the complaints, demurrers, rulings thereon, and the judgments. In its reply appellant denies at most only the alleged legal identity of the causes of action and the legal effect of the judgments. We find that there is no substantial difference between the causes of action or claims as pleaded in those cases and the claims upon which plaintiff here seeks to recover.

The defense of res adjudicata being decisive, it is unnecessary to consider the effect of the subsequent contract made between the parties hereto purporting to release all obligations of appellee under the bond.

Perhaps we should add that appellee's motion to dismiss for want of sufficient specifications of error is thought to be without merit and is overruled.

Affirmed.