BABCOCK & WILCOX et al. v. AMERICAN SURETY CO. OF NEW YORK.

(Circuit Court of Appeals, Eighth Circuit. September 4, 1916.)

No. 4477.

1. APPEAL AND ERROR ⊜⇒184—WAIVER OF ERRORS—OBJECTIONS.
　　Where a case was tried by the court as one in equity without objection, the point that the case was an action at law cannot be raised on appeal.
　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1150, 1179–1183; Dec. Dig. ⊜⇒184.]

2. UNITED STATES ⊜⇒67(2)—CONTRACTORS' BONDS—LIABILITY OF SURETY— CONSTRUCTION OF LIABILITY.
　　An agreement for the erection of a building for an Indian school provided that the contractor should comply with Act Feb. 24, 1905, c. 778, 33 Stat. 811 (Comp. St. 1913, § 6923), for the protection of persons furnishing materials and labor. The act referred to declares that any person entering into a formal contract with the United States for the construction of any public building shall execute the usual penal bond, with the obligation that such contractor shall promptly make payments to all persons supplying him with labor and materials, and that, if no suit be brought by the United States within six months from the completion of the contract then those supplying the contractor with labor and materials may sue. The bond furnished by the contractor was conditioned that he should keep, observe, and perform all covenants, conditions, and agreements mentioned in the articles of agreement for the erection of the building. *Held*

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, though the contract required the contractor to furnish labor and materials for the erection of the building and to give bond for the protection of laborers and materialmen, yet as payment of their claims was not made a condition of the bond, the liability of the surety cannot by construction be extended, so as to include them, on the theory that the agreement to furnish the labor and materials was equivalent to an agreement to pay therefor.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ☞67(2).]

Appeal from the District Court of the United States for the District of South Dakota; Jas. D. Elliott, Judge.

Action by Babcock & Wilcox against Silas N. Opdahl and the American Surety Company of New York. From a judgment for defendant Surety Company, plaintiffs appeal. Affirmed.

Karl Goldsmith, of Pierre, S. D. (A. E. Boyesen and H. H. Flor, both of St. Paul, Minn., and Henry R. Horner and Glenn W. Martens, both of Pierre, S. D., on the brief), for appellants.

C. O. Bailey, of Sioux Falls, S. D., and Charles R. Fowler, of Minneapolis, Minn., for appellee.

Before CARLAND, Circuit Judge, and MUNGER, District Judge.

CARLAND, Circuit Judge. The appellants brought this action as an action in equity against Opdahl and the surety company, to recover the value of materials sold by appellants to Opdahl and used in the construction of the dormitory hereinafter mentioned. The complaint contained two causes of action. The first cause of action was an action at law upon a bond given by Opdahl and the surety company to secure the faithful performance of a contract which Opdahl had entered into with the United States for the construction and completion of a brick dormitory at the Pierre Indian School, Pierre, S. D., dated July 26, 1911. The second cause of action after pleading the facts substantially as in the first cause of action, with the added allegation that Opdahl and the surety company had not executed such a bond as the law required prayed for damages. The case was heard by the court and it was ruled that the appellants and other intervening claimants should elect upon which cause of action they would proceed. They elected to proceed on the first.

[1] We do not think there was any error in the ruling of the court compelling an election. Whether the case ought to have been tried as a case in equity or at law is not now important, as it was tried by the court as an equity action, and no objection was made as to the form of trial. At the close of the trial the court ruled that there could be no recovery upon the bond, as it nowhere contained a condition that Opdahl would pay the claims of the appellants and other interveners.

[2] A decree having been entered for the appellee, the appellants appeal. Article 8 of the contract between Opdahl and the United States reads as follows:

"It is further covenanted and agreed that in the execution of the said work the party of the second part will comply strictly with the provisions of the act of Congress approved August 1, 1892, relating to the limitation of the

hours of daily service of laborers and mechanics employed upon the public works of the United States and the District of Columbia, and the act of Congress approved February 24, 1905, for the protection of persons furnishing materials and labor in the construction of public works."

The condition of the bond signed by the surety company is as follows:

"The nature of this obligation is such that, if the said Silas N. Opdahl, his heirs, executors, administrators, and assigns, or any of them, shall well and truly observe, perform, and keep all the covenants, conditions, and agreements mentioned in certain articles of agreement, bearing date the 26th day of July, 1911, between the Commissioner of Indian Affairs and Silas N. Opdahl, contractor, for erection and completion of a brick dormitory building at the Pierre Indian School, Pierre, South Dakota, according to the true intent and meaning of said agreement, then the above obligation to be void; otherwise, to remain in full force and virtue."

The act of Congress of February 24, 1905, amending the act of August 13, 1894 (28 Stat. 278, c. 280), contains the following language:

"That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract. * * * If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution."

The bond, as will be seen, did not contain the additional obligation required by the statute; but it is argued for appellants that, as the contract required Opdahl to *furnish* all the materials, this was equivalent to an agreement on Opdahl's part to pay for the same, and that the bond having been given to secure the faithful performance of the contract the surety company can be held liable for the amount due for materials furnished to Opdahl by appellants.

The word "furnish" in the contract would in a settlement between the United States and Opdahl, of course, be given its full significance, but we cannot hold that as against the Surety Company, the word "furnish" shall be given the broad meaning contended for by counsel for appellants. No case has been cited by counsel for the appellants parallel in all its facts to the case at bar. When all is said the case is simply this: That Opdahl by his contract agreed to give a bond obligating himself to pay the claims of materialmen, but he failed to give any such bond. The surety company signed the bond which was ex-

ecuted, and no other. The bond itself did not provide for the payment of materialmen, nor did the contract contain any such provision.

The case is not difficult, unless we try to make it different from what it really is. We have examined the cases cited by appellants, especially Peake v. United States, 16 App. D. C. 415, and Speir v. United States, 31 App. D. C. 476, and find that in those cases, while the bonds were defective, the contracts did provide that the contractor should pay for the material that went into the work. The cases which give the word "furnish" the broad signification contended for were cases brought by the obligee of the bond, such as the United States in the present action. Such cases as Scott-Graff Lumber Co. v. Independent School District, No. 1, 112 Minn. 474, 128 N. W. 672, Union Sewer Pipe Co. v. Olson, 82 Minn. 187, 84 N. W. 756, Greenfield Lumber & Ice Co. v. Parker, 159 Ind. 571, 65 N. E. 747, and Electric Appliance Co. v. United States Fidelity & Guaranty Co., 110 Wis. 434, 85 N. W. 648, 53 L. R. A. 609, illustrate the true rule. It is unfortunate for the materialmen that the case stands as it does, but we may not by construction make other and different contracts than those made by the parties. The conclusion which we have reached on this branch of the case renders it unnecessary to consider whether or not the suit was premature.

Judgment affirmed.