UNITED STATES, for Use of NATIONAL REGULATOR CO., v. MONTGOMERY HEATING & VENTILATING CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1919.)

No. 3269.

UNITED STATES ☞67(1)—CONTRACTORS FOR PUBLIC WORKS—SUIT ON BONDS.

A suit on the bond of a contractor for public work, in behalf of persons furnishing labor and materials, as provided in Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), cannot be maintained, where the bond does not contain the provisions for the protection of such persons prescribed by that statute.

Appeal from the District Court of the United States for the Northern District of Georgia; Wm. T. Newman, Judge.

Suit by the United States, for the use of the National Regulator Company, against the Montgomery Heating & Ventilating Company and another. Decree for defendants, and the use plaintiff appeals. Affirmed.

Alex W. Smith, of Atlanta, Ga. (Smith, Hammond & Smith, of Atlanta, Ga., on the brief), for appellant.

W. D. Ellis, Jr., John D. Little, A. G. Powell, M. F. Goldstein, and Marion Smith, all of Atlanta, Ga., for appellees.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

BATTS, Circuit Judge. The action was brought under Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended February 24, 1905 (33 Stat. 811, c. 778 [Comp. St. § 6923]). The act provides that:

"Hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs on any public building or public work, shall be required before commencing such work to execute the usual penal bond with good and sufficient securities with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and material in the prosecution of the work provided for in such contract."

The act makes provision for suit in any district in which the contract was to be performed, and without reference to the amount involved. The bond in this case was conditioned:

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Now, if said Montgomery Heating & Ventilating Company shall well and truly comply with, keep, and perform and fulfill all and singular the covenants, agreements, and conditions and stipulations made by them, or on their part, in, by, or through said contract, and all and singular the obligations whatsoever by them assumed, or on them imposed, in, by, or through said contract, and every obligation thereby imposed on them, then this obligation shall be null and void."

It will be observed that the bond did not impose "the additional obligation" to make payments to all persons supplying labor and material, as required by the act; nor did the contract mentioned in the bond obligate the contractors to make payments to laborers and materialmen.

It is insisted that the bond as given, though not expressed in the language of the statute, is conditioned upon the performance of all obligations imposed upon the contractors resulting from the contract, and is sufficient. It is evident that Congress, in the passage of the act, assumed that the provision especially providing for the protection of laborers and materialmen was more comprehensive than the ordinary penal bond. As suggested in the case of Hill v. American Surety Co., 200 U. S. 203, 26 Sup. Ct. 170 (50 L. Ed. 437):

"As against the United States, no lien can be provided upon its public buildings or grounds, and it was the purpose of this act to substitute the obligation of the bond for the security which might otherwise be obtained by attaching a lien to the property of an individual."

In Guaranty Co. v. Pressed Brick Co., 191 U. S. 416, 24 Sup. Ct. 142, 48 L. Ed. 242, the obligations of the bond to the government and to the laborers and materialmen were treated as separate and distinct; and in Illinois Surety Co. v. Peeler, 240 U. S. 224, 36 Sup. Ct. 325 (60 L. Ed. 609), it is said that it is "an obligation for the payment of money to the persons described, which they are entitled to enforce."

All of the cases construing the original act and the amendment (the provision with reference to materialmen and laborers being substantially the same) assume that the specific provision gives to the bond an effect which would not result from the provisions of an ordinary penal bond. Whether this be true or not, Congress had the right to determine what should be the provisions of a bond, the execution of which would confer jurisdiction upon the federal courts which they might not otherwise have. The exact point involved was decided by the Circuit Court of Appeals for the Eighth Circuit in Babcock & Wilcox v. American Surety Co., 236 Fed. 340, 149 C. C. A. 472, and is in accordance with the opinion which has been reached upon a consideration of the statute itself, and of the opinions of the Supreme Court, to the effect that the statutory bond not having been executed, and the court not otherwise having jurisdiction, the case was properly dismissed.

The judgment is affirmed.