UNITED STATES, for Use of W. B. YOUNG SUPPLY CO. v. STEWART et al.

(Circuit Court of Appeals, Eighth Circuit. March 26, 1923.)

No. 6131.

1. United States ⊂⇒67(2)—Contract to furnish material does not obligate contractor to pay for the same.

As respects liability on contractor's bond, a contract to furnish material does not obligate the contractor to pay for the material furnished thereunder; hence a surety thereon is not liable to materialmen.

2. United States ⊂⇒67(2)—Sureties on bond of contractor for public work not obligated to pay for material, unless bond is so conditioned.

Where the bond given by a contractor for government work and accepted, was not conditioned as required by Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), for payment by the contractor for labor and material furnished him, the fact that the circulars and instructions issued by the Department inviting bids, and which were made part of the contract, required a bond so conditioned, did not import such condition into the bond given, and the sureties thereon are bound only by its terms.

**3. Estoppel ☞78(6)—Facts held not to create equitable estoppel.**

That a contractor for public work, after completion of his contract, conveyed all his property for the benefit of creditors to the sureties on his bond, who executed the trust, *held* not to estop them to deny liability on the bond for material furnished the contractor; it not appearing that the transaction was prejudicial to the furnisher of the material.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action at law by the United States, for the use of the W. B. Young Supply Company, against Charles O. Stewart and others, sureties on his bond. From an order sustaining a demurrer by the sureties, and dismissing the complaint as to them, plaintiff brings error. Affirmed.

I. N. Watson, of Kansas City, Mo. (John B. Gage, Henry N. Ess, and Raymond E. Watson, all of Kansas City, Mo., on the brief), for plaintiff in error.

I. M. Platt, James P. Coleman, James V. Humphrey, and A. S. Humphrey, all of Junction City, Kan., for defendants in error.

Before LEWIS, Circuit Judge, and TRIEBER and BOOTH, District Judges.

LEWIS, Circuit Judge. This is an action on a contractor's bond and was brought against the contractor, Charles O. Stewart, and his sureties, George C. Moses and P. W. Smith, by the plaintiff at the relation and for the benefit of W. B. Young Supply Company, to recover a balance due for material it had furnished to the contractor. It comes here from an order sustaining a demurrer of the two sureties to the complaint and dismissal of the action against them. This is the case set out in the complaint:

In 1919 the War Department prepared plans and issued a circular of information inviting bids for remodeling and repairing steam heating plants at Fort Riley. Stewart's bid was accepted and he made a contract to furnish the material and do the work. As contractor he gave the bond sued on with Moses and Smith sureties, conditioned that Stewart "will in all respects duly and fully observe and perform all and singular the covenants, conditions and agreements in and by the said contract agreed and covenanted by said Charles O. Stewart to be observed and performed according to the true intent and meaning of the said contract." It does not contain the condition required by the Act of February 24, 1905, amending the Act of August 13, 1894 (28 Stat. 278, 33 Stat. 811, 7 U. S. Comp. Stat. § 6923), which requires a contractor, before commencing work, to execute the usual penal bond, with good and sufficient sureties, "with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract."

The question raised by the demurrer is aptly stated in the brief for plaintiff in error thus:

"If the contract, when so construed according to its true intent and meaning, obligated said Stewart to pay for all material furnished him, then the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bond covered such an obligation. Did Stewart's contract, when construed according to its true intent and meaning, require and obligate him to pay for the material furnished by complainant?"

[1, 2] An obligation to furnish is not an obligation to pay for material that will be furnished. Babcock & Wilcox v. American Surety Co., 236 Fed. 340, 149 C. C. A. 472; United States ex rel. National Regulator Co. v. Montgomery H. & V. Co., 255 Fed. 683, 167 C. C. A. 59. It is not alleged or claimed that the written contract, aside from the circular and instructions to bidders, between Stewart and the United States, in which he bound himself to furnish the material and do the work, obligated him to pay for the material to be furnished, but it is claimed that the circular and instructions to bidders, which by reference are made part of the contract, obligated him to do so; those parts of them relied upon to show such an obligation are set out in the complaint. They require of him:

"Satisfactory bond in support of the contract; * * * the bond will, in accordance with the act of February 24, 1905, also contain the obligation for prompt and full payment by the contractor to all persons who furnish him labor or material in the prosecution of the work under the contract."

It is clear from this that Stewart obligated himself to give the bond required by the Act, and a bond so conditioned might have been exacted from him, but it was not. The bond sued on was accepted without that condition in it. The sureties are in no sense parties to Stewart's contract. Their obligation is on the bond which they signed according to its terms, which bound them only in event Stewart did not perform that contract, whatever it might be. We think the case falls within the rule announced by this court in Babcock & Wilcox v. American Surety Co., supra, and must be determined on this point accordingly. It is there said:

"Opdahl by his contract agreed to give a bond obligating himself to pay the claims of materialmen, but he failed to give any such bond. The surety company signed the bond which was executed, and no other. The bond itself did not provide for the payment of materialmen, nor did the contract contain any such provision."

[3] But estoppel is pleaded. It is alleged that after Stewart had completed the work and final settlement was made with him, he conveyed by trust deed all he had to Moses and Smith for the benefit of his creditors, that they administered the trust and in doing so paid Young Supply Company $810 on its claim, that Stewart is insolvent and that the Supply Company is his only creditor, and that Moses and Smith, when they accepted and administered the trust, thought they were liable on the bond for material furnished. Of course, their mistaken belief did not make them liable, if they were not. It is not alleged that Stewart turned over his property to Moses and Smith to secure them on their liability as bondsmen, or to indemnify them against loss, on that account. They took it over under an express trust for Stewart's creditors. It is not alleged that but for the trust arrangement the relator could have gotten more than the $810, nor that that transaction was to its disadvantage in any way, nor that Moses and Smith, in administering the trust, did anything to its detriment, or that

they profited thereby; and the facts stated do not show that relator's rights against Moses and Smith, such as they were, suffered, or were changed or in any manner affected by the creation, acceptance and execution of the trust. It is our opinion that the plea of estoppel is not good.

Affirmed.