**UNTED STATES, for Use of RANDALL, v. NATIONAL SURETY CO. et al.**

(District Court, D. Rhode Island. May 2, 1924.)

No. 1528.

1. **Subrogation ⬅➾7(I)—Surety for release of attachment by subcontractor against contractor for public work not subrogated to rights of plaintiff against contractor's surety.**

Where furnishers of labor and material to a contractor for public work brought suit against the contractor and attached property, which was released on the giving of a sheriff's bond, the surety on such bond, who paid the judgments against his principal, cannot be subrogated to the rights which the plaintiffs in the suits would have had against the surety on the contractor's bond, given under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923).

2. **Subrogation ⬅➾7(I)—Surety cannot be subrogated to rights against prior surety.**

The surety on a bond to release an attachment, on payment of the judgment against his principal, will be allowed to stand in the creditor's place only as to his remedies against the person or property of the principal, and cannot be subrogated to the rights of the creditor against any prior surety.

At Law. Action by the United States, for the Use of Thomas F. Randall, against the National Surety Company and others. On claims of the New Haven Trap Rock Company, Inc., and Robert S. Hayes, interveners. Judgment for defendant Surety Company.

John A. Murphy, Jr., of Newport, R. I., for Interveners.
Alexander Churchill, of Providence, R. I., for Surety Co.

BROWN, District Judge. This is an action at law, brought under the authority of "An act for the protection of persons furnishing materials and labor for the construction of public works." Chapter 280, 28 Stat. p. 278; chapter 778, 33 Stat. p. 811 (Comp. St. § 6923).

The New Haven Trap Rock Company and Robert S. Hayes are interveners, who furnished labor and materials used in the construction of buildings for the Navy Department on Gould Island, Narragansett Bay, near Newport, R. I. Faillace Bros., the contractors, gave bond in the usual form, with the National Surety Company as surety. Among other conditions of the bond is the following:

"Obligors shall promptly make payment to all persons supplying them labor and materials in the prosecution of the work provided for in the aforesaid contract."

[1] Before their contract with the United States was completed by Faillace Bros., the contractors, the New Haven Trap Rock Company and Robert S. Hayes, respectively, commenced suits against Faillace Bros. in the courts of the state of Rhode Island by attaching certain of their personal estate. The attachment in each case was released on sheriff's bond, so called, on which the Southern Surety Company, of Des Moines, Iowa, is surety. In each case judgment was rendered against Faillace Bros. The liability of the Southern Surety Company to pay to the creditors the amount of their respective judgments having accrued, the Southern Surety Company, through a nominal party, Alice G. Connolly, a clerk in the office of plaintiff's attorneys, paid to the creditors the full amounts of their judgments, and took assignments of their claims and judgments to said Alice G. Connolly. Though the claims of Hayes and the Trap Rock Company are entitled for the use of Alice G. Connolly, they were in fact for the use of the Southern Surety Company, which furnished the money to pay the claims of the materialmen.

The question in the case is whether the National Surety Company, as original surety for the performance by Faillace Bros. of their contract with the United States, is under any obligation to pay to an assignee of the materialmen's judgments the amounts advanced by the Southern Surety Company for the purpose of satisfying the claims of the materialmen, whose attachments were dissolved upon the filing of a bond by Faillace Bros., the contractors, with the Southern Surety Company as surety, conditioned to pay any judgment that might be rendered in the suits in which the attachments were made. The attachment liens upon personal property of the contractors were dissolved by the substitution in lieu thereof of bonds conditioned to pay judgments. The Southern Surety Company intervened at the request of and on behalf of the contractors to release their personal property from attachment, and so far as this record discloses the attached personal property was released to its owners, the Faillace Bros.

For the claimants it is contended that the contractor's bond given to the United States under the statute inures to their benefit and that the assignments to them from the parties furnishing the labor and material gives their claim a standing under the statute.

For the National Surety Company it is contended that so far as it is concerned the claims of the Trap Rock Company and of Hayes are

paid, and that an assignment of the judgments by the creditors upon the payment of their claims is insufficient to keep the debt alive as against the original surety on the contractor's bond. It is the contention that the Southern Surety Company, in advancing money to discharge its obligation upon the release bond, is in the position of one who had advanced money on behalf of the debtor to enable him to carry on his undertaking. They rely upon Prairie State National Bank v. United States, 164 U. S. 227, 17 Sup. Ct. 142, 41 L. Ed. 412, and Henningsen et al. v. United States Fidelity & Guaranty Co., 143 Fed. 811, 74 C. C. A. 484.

It is evident that the assignments of the creditors' original claims to Alice G. Connolly, after judgments in the state court and after the liability on the bond to release the attachments had accrued, could not give to the assignee the original rights of action which the materialmen had made effective through the attachment of the personal property of the contractors. The attachment liens were sufficient to secure full payment of claims, and the release bonds were an efficient substitute for the attachment liens.

The intervention of the Southern Surety Company in the state court was entirely upon behalf of the contractor, and resulted in giving to the creditors as full satisfaction as if they had enforced their judgment by an execution sale of the attached property. Had they done so, no question of the liability of the National Surety Company to the creditors on the original contractor's bond could have arisen. As the attachment lien is satisfied, as the creditor's right of attachment of the contractor's property is exhausted, since the attachments were sufficient to cover the debts, the creditors could assign only a naked right to a judgment against the contractor.

[2] A surety who first becomes such in an obligation incidental to the prosecution of a legal remedy against the principal's will, upon paying the debt, be allowed to stand in the creditor's place only as to his remedies against the person or property of the principal; as to any prior surety, or any prior interest in property which may be pledged to the creditor for the debt, he must occupy the position of the debtor. He cannot claim to be subrogated to the rights of the creditor against any prior sureties; on the contrary, the prior surety, if compelled to pay the debt, will be subrogated against the subsequent surety. Those who last become sureties do so, not only for the benefit of the creditor, but in exoneration of the former sureties, and will be liable to indemnify such former sureties. See Sheldon on Subrogation, § 131, p. 151; Stearns on Suretyship, § 254, pp. 454, 455, and section 257, p. 465; Spencer on Suretyship, § 250, p. 350, and section 283, p. 389.

The requests of Robert S. Hayes for findings of fact Nos. 1 to 7, inclusive, are granted. Request No. 8 is denied.

The requests of the New Haven Trap Rock Company for findings of fact Nos. 1 to 7, inclusive, are granted. Requests Nos. 8 and 9 are denied.

The requests of the National Surety Company for findings of fact and rulings of law as to the claim of Robert S. Hayes, Nos. 2 to 13, are granted. Request No. 1 is denied. The requests of the National Surety

Company for findings of fact and rulings of law as to the claims of the New Haven Trap Rock Company, Nos. 2 to 13, inclusive, are granted. Request No. 1 is denied.

On the claims of Robert Hayes and of the New Haven Trap Rock Company, judgments will be entered for the defendant National Surety Company.