### UNITED STATES, to Use of ZAMBETTI, v. AMERICAN FENCE CONST. CO. et al.

(District Court, S. D. New York. November 18, 1925.)

**I. United States ⬉67(2).**

Where neither bond of contractor with United States nor contract required contractor to pay furnishers of labor and material, *held*, that unpaid claimant had no right of action on bond, under Comp. St. § 6923.

**2. Courts ⬉328(2).**

Under Judicial Code, § 24 (Comp. St. § 991), federal court has no jurisdiction of action

15 F.(2d)—29

involving less than $3,000 by materialman against government contractor and his surety for failure to furnish bond required by Comp. St. § 6923.

Affirmed in 15 F.(2d) 450.

William J. Lamey, of New York City, for plaintiff.

Cornelius C. Beekman, of New York City (Samuel J. Rawak, of New York City, of counsel), for defendants.

THACHER, District Judge. The action was brought under Act Aug. 13, 1894, c. 280, 28 Stat. 278, as amended by Act Feb. 24, 1905 (33 Stat. 811, c. 778 [Comp. St. § 6923]). The act provides:

"Hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and material in the prosecution of the work provided for in such contract."

[1] The statute under certain conditions authorizes a suit upon the bond by a laborer or materialman in the name of the United States for his benefit, irrespective of the amount involved, and provides that such suit must be brought in the district where the contract was to be performed. The bond in this case does not contain the additional obligation which the statute provides it shall contain for the payment by the contractor for labor and materialmen. The condition of the bond is:

"Now, therefore, if the said American Fence Construction Company shall well and faithfully and diligently perform all the work required of it by said contract, and furnish all material required of it thereunder, and comply with all provisions, stipulations, and agreements therein contained, then this bond shall be void; otherwise, it shall remain in full force and virtue."

It may, of course, be said that by virtue of this language the bond embraces the contract,

since it is conditioned upon compliance with all the provisions and agreements contained therein, and, if there could be found in the contract an obligation to pay persons supplying the contractor with labor and materials in the prosecution of the work, then it might be held that such obligation was incorporated in the bond by reference. Peake v. U. S., 16 App. D. C. 415; U. S. v. Stewart (C. C. A.) 288 F. 187. But in this case there is no such obligation, either in the contract or in the bond itself, and under these circumstances there can be no recovery upon the bond under the statute. U. S. v. Stewart, supra; U. S. v. Montgomery Heating & Vent. Co., 255 F. 683, 167 C. C. A. 59; Babcock & Wilcox v. American Surety Co., 236 F. 341, 149 C. C. A. 472. It follows that the first cause of action must be dismissed.

[2] The second cause of action is to recover damages from the contractor and the surety company for failure to furnish the bond required to be furnished by the contract and the statute. This, of course, is not the action on the bond which is authorized by the statute, and which may be brought, regardless of the amount in controversy, in the district where the contract was to be performed. The only suggestion of jurisdiction is that such an action arises under the laws of the United States. But, if this were true, still the court would have no jurisdiction, because the amount in controversy is less than $3,000. Judicial Code, § 24 (Comp. St. § 991). It follows that the second cause of action must also be dismissed.