**UNITED STATES, to Use of ZAMBETTI, v. AMERICAN FENCE CONST. CO. et al.**

(Circuit Court of Appeals, Second Circuit. October 18, 1926.)

No. 24.

United States ⬤═➤67(2)—Person unpaid for labor furnished government contractor held to have no cause of action under statute on bond not conditioned as required by contract (Comp. St. § 6923).

Where fence company's contract with United States did not specifically require it to pay persons furnishing labor and material, but did require bond conditioned "for the prompt payment of all persons or parties furnishing labor or materials," and where bond furnished was conditioned only that company would perform "all work required of it by said contract" and "comply with all [its] provisions, stipulations, and agreements," *held,* unpaid furnisher of labor had no right of action on such bond under Comp. St. § 6923, though he might

have cause of action for breach of contract to give bond of kind required.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States, on the relation of Felix Zambetti, against the American Fence Construction Company and another. Judgment for defendants (15 F.[2d] 449), and plaintiff brings error. Affirmed.

William J. Lamey, of New York City, for plaintiff in error.

Cornelius C. Beekman, of New York City (Samuel J. Rawak, of New York City, of counsel), for defendants in error.

Before HOUGH, MANTON, and HAND, Circuit Judges.

PER CURIAM. American Fence Company agreed with the United States to erect certain walls, fences, etc. The written contract signed by Fence Company contained no specific promise on its part to pay such persons as furnished labor and material enabling it to fulfill its contract, but there is a clause obliging Fence Company to furnish a "satisfactory bond (in $5,500) insuring the fulfillment of all conditions and stipulations of this contract and covering all guaranties herein provided, *and for the prompt payment to all persons or parties furnishing labor or materials"* to or on the work.

The Fidelity & Deposit Company became surety on the bond furnished, of which the condition is the Fence Company shall perform "all work required of it by said contract" and "comply with all [its] provisions, stipulations, and agreements"; but it is not a condition of the bond that Fence Company should make prompt payment to persons furnishing labor or materials.

Zambetti furnished labor, etc., on this work, of the value of $2,100. Fence Company did not pay, and this action was brought on the bond and against the principal and surety thereon, under the Act of August 13, 1894 (28 Stat. 278), as amended (Comp. St. § 6923).

As has been often pointed out, nothing but this special statute gives jurisdiction; action on the bond is specially permitted, but for a proceeding of any other kind there is neither diversity of citizenship nor a sufficient amount involved.

It may be admitted that Fence Company committed a breach of contract in not furnishing the agreed kind of bond, and also that such breach may give a cause of action to men like Zambetti. But we do not consider as a

new question whether there was a breach of condition of the bond, in that Fence Company had not fulfilled its contract agreement to give a bond that would protect such as Zambetti. The case is within the following decisions: United States v. Stewart (C. C. A.) 288 F. 187, citing Babcock v. American, etc., Co., 236 F. 340, 149 C. C. A. 472, and United States v. Montgomery, etc., Co., 255 F. 683, 167 C. C. A. 59, and we follow those authorities. See, also, for a case where the promise to pay materialmen *was* inserted in the contract, Peake v. United States, 16 App. D. C. 415.

Judgment affirmed, with costs.