**METROPOLITAN CASUALTY INS. CO., OF NEW YORK, N. Y., v. POTOMAC ·BUILDERS' SUPPLY CO., Inc.**

**No. 5381.**

Court of Appeals of the District of Columbia.

Argued March 10, 1932.

Decided May 16, 1932.

F. S. Key-Smith, of Washington, D. C., for appellant.

Elwood H. Seal, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment for damages in an action for fraud and deceit.

It appears that certain buildings were in process of construction in the District of Columbia, and that the firm of Avery & Burns, hereinafter called the contractors, had the contract for their construction.

While engaged in the performance of their contract, the contractors proposed to buy from the Potomac Builders' Supply Company certain materials to be used in and about the completion of the buildings. The supply company, however, refused credit to the contractors. Thereupon the contractors informed the company that the Metropolitan Casualty Insurance Company had executed certain bonds which guaranteed payment to those selling materials to the contractors to be used in the completion of the buildings. It was suggested that the company secure information concerning such bonds. Thereupon the secretary of the company communicated by telephone with Mr. Wray, the agent of the insurance company, and was advised by him that such bonds had been written and were in full force, insuring prompt and full payment for all materials furnished to the contractors and used in the completion of the buildings.

Acting upon this information the supply company sold such materials upon credit to the contractors to the amount of $1,066.97, which amount remains due and unpaid. The company then advised Wray, as agent of the insurance company, of these facts, and requested payment of the claim under the terms of the alleged guaranty bonds. Whereupon for the first time they were informed by Wray that the bonds in question were not conditioned for the payment for materials thus furnished to the contractors, but were only so-called completion bonds, inuring only to the benefit of the owners of the building and the creditors under the deed of trust.

The supply company thereupon brought this action in the lower court for damages in the amount of their account against the contractors, alleging that the statements of Wray, inducing the company to extend credit to the contractors for the building materials, were false and fraudulent, and were made by Wray as agent for the insurance company and within the scope of his authority as such agent, and that the company was liable therefor. The insurance company filed a plea denying liability and alleging, among other things, that Wray was employed by the

company as an agent to solicit and secure insurance and write bonds, and that he had no general authority whatsoever to bind the company in any other manner.

At the close of plaintiff's evidence at the trial, and again at the close of all the evidence, the insurance company moved for a directed verdict. The motions were overruled by the court, and verdict and judgment went against the company. This appeal was then taken.

█ In our opinion the respective motions for a directed verdict should have been sustained by the lower court, upon the ground that the evidence failed to show that the statements complained of, even if made as alleged, were made within the scope of the agent's authority.

It is conceded that the statements, declarations, or acts of Wray created no liability upon the company unless they were within the scope of his actual or implied authority as agent of the company.

The record discloses that Wray was not an officer of the company, but was an agent authorized by written articles, in the name of the company and on its behalf, to execute and deliver any and all contracts guaranteeing the fidelity of persons holding positions of public or private trust, and guaranteeing the performance of contracts other than insurance policies; also executing or guaranteeing bonds and undertakings required or permitted in all actions or proceedings, or by law allowed, and to execute or guarantee bonds, recognizances, and undertakings for public officers or persons holding positions of trust.

The authority thus conferred upon the agent did not entitle him to bind the company by making representations to persons not standing in any legal relations to the company concerning the existence or character of the bonds upon which the company was then liable. There is nothing in the record tending to show that the company in any manner held the agent out to the public or to the supply company as possessing any greater authority than that conveyed by these written articles.

█ "The person dealing with the agent should ascertain the extent of his authority from the principal, or from some other person who will have a motive to tell the truth in the interests of the principal, and he cannot rely upon the agent's statement or assumption of authority, or upon the mere presumption of authority." 2 C. J. 563.

Upon this ground we reverse the judgment of the lower court with costs, and the cause is remanded for further proceedings not inconsistent herewith.