UNITED STATES of America for the Use and Benefit of the HOWARD P. FOLEY COMPANY, a District of Columbia corporation, Plaintiff,

v.

The HOME INDEMNITY COMPANY, a New York corporation,

and

Woodcrest Construction Co., Inc. a New York corporation, Defendants.

UNITED STATES of America for the Use and Benefit of Curtis FUNDERBURKE, Plaintiff,

v.

WOODCREST AND HOME INDEMNITY COMPANY, Defendant.

UNITED STATES of America for the Use and Benefit of FLUORO ELECTRIC CORP., Plaintiff,

v.

The HOME INDEMNITY COMPANY, Defendant,

and

Woodcrest Construction Co., Inc., Intervening Defendant.

Civ. Nos. 65-29, 65-65, 64-147.

United States District Court
M. D. Florida,
Orlando Division.

Dec. 14, 1966.

Raymond, Wilson, Karl & Conway, James R. Wilson, Daytona Beach, Fla., Robert H. Shorb, Washington, D. C., for the Howard P. Foley Co., the Home Indemnity Co., Woodcrest Const. Co., Inc.

Duckworth & Gallman, Orlando, Fla., for the Home Indemnity Co., Woodcrest Const. Co., Inc.

Walter W. Snell, Daytona Beach, Fla., Maurice Wagner and Richard D. Bertone, Holly Hill, Fla., for Curtis M. Funderburke Masonry, Inc.

Peter Goetz (of Max Greenberg), New York City, Robert J. Bertrand, Rush, Reed, Marshall, Warriner & Bergstrom, Orlando, Fla., for Fluoro Electric Corp.

William H. Green, Daytona Beach, Fla., for Curtis M. Funderburke Masonry, Inc., the Howard P. Foley Co.

ORDER

GEORGE C. YOUNG, District Judge.

This cause came on before the Court on October 31, 1966, pursuant to due

notice, for a hearing on the motion of defendant, Home Indemnity Co., to interplead the Use-plaintiff, Flouro Electric Corp., along with Use-plaintiffs, Howard P. Foley Co. and Curtis M. Funderburke Masonry, Inc., in cases numbered 65–29–Orl–Civ. and 65–65–Orl–Civ. respectively. Also considered herein is the related motion of Use-plaintiff, in Case No. 65–29–Orl–Civ., Howard P. Foley Co., to strike the defense of Home Indemnity Company, that it cannot be held liable in excess of the penal limit of its bond.

The movant-defendant, Home Indemnity Co., alleges that it executed a payment bond on behalf of defendant, Woodcrest Construction Co., Inc. in the amount of $398,655.00, which amount was later modified to $418,326.06. The movant further alleges that it has made payments without contest under its bond in the amount of $324,810.35, leaving only $93,-515.71 of the penal limit of its bond remaining for distribution. It further appears that the remaining three claimants seek to recover in separate actions, an amount in excess of $225,000.00.

At this juncture, Home Indemnity Company moved to interplead the three remaining claimants and to prorate the $93,515.71 remaining unpaid under its bond.

This very situation was presented to the Fifth Circuit Court of Appeals in Sternberg Co., Inc. v. State Nat. Bank of Texarkana, 69 F.2d 759 (5th Cir. 1934). Judge Hutcheson, speaking for the Court held that all claims, both those previously paid without contest and those remaining which had been proved through litigation, would be added together for a determination of the pro rata share to which each remaining unpaid claimant would be entitled. The remaining claims would be paid on that basis even though total payments exceeded the penal limit of the bond. For example, if the bond limit was $100,000.00 and the bonding company had voluntarily paid $80,000.00 in valid claims against the bond and then an additional $70,000.00 in valid claims were proved through litigation, then each claimant would be entitled to recover against the bonding company only two-thirds of its claim. The fact that the company had already paid some claimants more than two-thirds of their claims prior to finally knowing their full liability on the bond would not alter the liability to pay the remaining claimants two-thirds of their claims even though such payments would cause a pay out in excess of the bond limit. In the hypothetical, the surety would have to pay out $46,666.60 on the remaining claims which added to the $80,000.00 voluntarily paid out would total $126,666.60 or $26,666.60 more than the bond limits.

Adopting the principle of the *Sternberg* case, supra, it is

Ordered and adjudged that the motion of defendant, Home Indemnity Company, to interplead claimants in cases numbered 64–147–Orl–Civ., 65–29–Orl–Civ. and 65–65–Orl–Civ. be and is hereby denied; it is further

Ordered and adjudged that judgment in case no. 64–147–Orl–Civ. will be withheld pending proof of the remaining claims in the cases of United States for the use of The Howard P. Foley Company v. Home Indemnity Company, 65–29–Orl–Civ., and United States for the use of Curtis M. Funderburke Masonry, Inc. v. Home Indemnity Company, 65–65–Orl–Civ. Subsequently, all claims, paid and unpaid will be added together and a pro rata rate of distribution will be determined. Judgment will then be entered in the three pending cases based on that determination even though the total amount to be paid will exceed the penal limit of the bond. It is further

Ordered and adjudged that the motion of Use-plaintiff Howard P. Foley Co. to strike, filed in Case No. 65–29–Orl–Civ. be and is hereby partially granted, but only to the extent that it conforms to the procedure for determining judgment to be entered as outlined above.